UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrance Bethea, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:22-cv-2779-BHH |
| v. ) | |
| ) | **ORDER** |
| Universal Protection Service, LLC, and ) | |
| Universal Protection Security Sys., LP ) | |
| d/b/a Allied Universal Technology ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Terrance Bethea's ("Plaintiff") complaint alleging racial discrimination and failure to promote in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Defendant"). (ECF No. 1.) On September 19, 2022, Defendant filed a motion to compel arbitration and dismiss, or in the alternative, to stay this action, asserting that the parties entered a valid arbitration agreement that requires resolution of the claims in this action via binding arbitration. (ECF No. 9-1.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review, and on October 19, 2022, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion, thereby compelling arbitration and dismissing this action. (ECF No. 17.) Plaintiff filed objections to the Magistrate Judge's Report, Defendant filed a reply, and the matter is ripe for review. (ECF Nos. 18 and 19.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

As an initial matter, the Court notes that the Magistrate Judge's Report includes a thorough outline of the relevant background facts, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates the Magistrate Judge's background and repeats only what is necessary to evaluate Plaintiff's objections.

In Defendant's motion to compel arbitration and dismiss, or in the alternative, to stay this action, Defendant asserts that this action is subject to dismissal because Plaintiff executed a valid and enforceable arbitration agreement in which he agreed that any claims he may have against Defendant would be resolved by final and binding arbitration. In support of its arguments, Defendant submitted the declaration of Jason Zigman and a copy

of the arbitration policy electronically signed by Plaintiff. In response to Defendant's motion, Plaintiff asserts that he should not be bound by the arbitration agreement because (1) it is not supported by consideration; (2) it is unconscionable; and (3) it is a contract of adhesion.

As the Magistrate Judge explained in her Report, the Federal Arbitration Act ("FAA") provides that arbitration clauses in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Furthermore, under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. *Id. §§ 2*, 3. But, if the validity of the arbitration agreement is in issue, a district court must first decide if the arbitration clause is enforceable against the parties. *Id.* § 4. "'[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

"Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment." *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011). "Accordingly, arbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56).

"Defendant, as the party seeking to enforce the Agreement, bears the initial burden of 'persuading this court that the parties entered into an enforceable arbitration agreement.'" *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-cv-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016). "If defendant makes such a showing, then 'the burden shifts to the plaintiff[s] to show that even though there was some written contract, [they] did not actually agree to it-because the[ir] signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement." *Id.*

In her Report, the Magistrate Judge thoroughly evaluated each of Plaintiff's arguments, ultimately finding, among other things: (1) that the parties' arbitration agreement contains a mutual promise to arbitrate that constitutes sufficient consideration; (2) that Plaintiff acknowledged he had sufficient opportunity to read the agreement and cannot now void the terms of the agreement by claiming he did not read it; (3) that the agreement was not mandatory and actually provided for an opt-out provision; and (4) that the agreement is not an unconscionable contract of adhesion because its terms cannot be defined as unreasonably oppressive. (ECF No. 17 at 5-8.)

In his objections to the Report, Plaintiff asserts that the Magistrate Judge erred in three principle ways: "(1) in finding that Plaintiff failed to provide sufficient evidence that he did not enter into the agreement; (2) in finding that the agreement was supported by mutual consideration; and (3) in finding that although the contract is adhesive, it is not unconscionable." (ECF No. 18 at 2.) Despite setting forth these three issues on page two of his objections, Plaintiff only includes two sections in the body of his objections, addressing the issues of consideration and unconscionability. (*See id.* at 3-4.) Additionally, Plaintiff appears to improperly raise an issue for the first time in his objections, specifically,

4

an issue regarding the applicability of the Federal Arbitration Act.  Nevertheless, after *de novo* review, the Court finds no merit to any of Plaintiff's objections.

First, the Court does not find that the Magistrate Judge erred in finding that the agreement was supported by mutual consideration.  Plaintiff asserts that, contrary to the facts of *Towles v. United HealthCare Corp.*, 524 S.E.2d 839, 845 (S.C. Ct. App. 1999), he merely checked a box acknowledging that he read the documents provided by his employer.  Additionally, Plaintiff asserts that none of his duties as operations manager involved interstate commerce, contrary to the facts of *Towles*, and that the FAA therefore should not apply here.

The Court finds no merit to Plaintiff's arguments.  Here, the evidence indicates the Plaintiff signed the documents, albeit electronically, and South Carolina courts have routinely held that arbitration clauses in employment agreements involve interstate commerce and are therefore governed by the FAA.  *See, e.g., Webb v. Oaktree Medical Center, P.C.*, No. 2018 WL 4519338, at *3(D.S.C. May 16, 2018); *Stroman v. Barefoot*, No. CV 3:17-2760, 2018 WL 3120678, at *4 (D.S.C. *Jan. 23, 2018), report and recommendation adopted,* No. 317CV02760CMCSVH, 2018 WL 1406742 (D.S.C. Mar. 21, 2018); and *Young v. AMISUB of S.C., Inc.,* No. 0:18-CV-01601, 2018 WL 5668619, at *3 (D.S.C. Nov. 1, 2018)*.*  Here, the agreement that Plaintiff electronically signed when starting his employment for Defendant (which is not a South Carolina entity), is an employment agreement involving interstate commerce, and the Court finds that it is governed by the FAA.

Next, Plaintiff argues that the Magistrate Judge erred by not finding the arbitration agreement to be unconscionable.  Plaintiff first agrees with the Magistrate Judge that

5

contracts of adhesion are not automatically unconscionable, but he asserts that adhesion is strong evidence of unconscionability. Plaintiff also asserts that the terms of the arbitration agreement are oppressive because they force Plaintiff to give up his right to a jury trial, which is the touchstone of the American judicial system. (ECF No. 18 at 4.)

Here again, the Court finds no merit to Plaintiff's arguments. Not only does Plaintiff fail to cite any law in support of his arguments, but also, after *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis regarding unconscionability. As the Magistrate Judge properly explained, even if the arbitration agreement at issue is a contract of adhesion, it is not unconscionable because the terms are even-handed and are not unreasonably oppressive. *See Damico v. Lennar Carolinas, LLC*, 879 S.E.2d 746, 756 (S.C. 2022) ("The distinction between a contract of adhesion and unconscionability is worth emphasizing: adhesive contracts are not unconscionable in and of themselves so long as the terms are even-handed." (emphasis in original)); *see also Smith v. D.R. Horton, Inc.*, 790 S.E.2d 1, 4 (S.C. 2016).

Additionally, the Court finds no merit to Plaintiff's argument that the agreement is unconscionable because it requires Plaintiff to give up his right to a jury trial, as courts have consistently held that "'the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate.'" *Sydnor v. Conseco Fin. Servs. Corp.*, 252 F.3d 302, 307 (4th Cir. 2001) (quoting *Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334, 339 (7th Cir. 1984)).

## CONCLUSION

Based on the foregoing, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 17); the Court overrules Plaintiff's objections (ECF No. 18); and

the Court grants Defendant's motion (ECF No. 9), thereby compelling the parties to arbitrate and dismissing this action in full without prejudice.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 13, 2023
Charleston, South Carolina